IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL C. MCKITIS, ET AL.        :
                                  :
v.                                :   CIVIL ACTION NO. S-98-3027
                                  :
FRANK DEFAZIO, ET AL.             :
                           ..oOo..

## ORDER

This vehicular tort complaint, originally filed in the Circuit Court for Baltimore City, was removed to this Court in September 1998. Subsequent to an eight day trial, a jury returned a verdict finding defendant DeFazio negligent in the operation of his vehicle and that his negligence was the proximate cause of injuries claimed by plaintiffs Michael and Joan McKitis. (Paper No. 70.) The jury further concluded that cross-defendants Ethel Rene Encarnacion and Dwane Mullings were not negligent in the operation of their vehicles. (*Id.*) Plaintiff Joan McKitis was awarded a total damage verdict of $1,600,523.47 and plaintiffs Joan and Michael McKitis were awarded $50,000.00 for the loss of consortium. (*Id.*) On December 18, 2000 the aforementioned judgment was entered in favor of the plaintiffs and against defendant DeFazio. (Paper No. 71.) Defendant DeFazio's cross-claim against defendant Mullings and the third party claim against defendant Encarnacion was dismissed. Defendant Mullings' claim against defendants DeFazio and Encarnacion was dismissed. Finally, the plaintiffs' claims against defendants Mullings and Encarnacion were dismissed. (*Id.*) No appeal has been filed.

On December 19, 2000, the plaintiffs filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. (Paper No. 72.) On December 21, 2000, defendant DeFazio filed his

objection thereto. (Paper No. 73.) On December 26, 2000, the plaintiffs filed an affidavit and memorandum in support of their taxation request. (Paper No. 74.) The Clerk has reviewed the aforementioned documents and finds that no hearing is necessary. *See* Local Rule 105.6. (D.Md.) Each cost item shall be examined *seriatim*.

## *FILING FEES*

The plaintiffs have requested reimbursement for the $100.00 filing fee incurred when originally filing their complaint in the Circuit Court for Baltimore City in April 1998. Defendants challenge this request, claiming that the filing fee is not recoverable because it was not paid to the Clerk of the United States District Court. Under 28 U.S.C. § 1920, filing fees of the Clerk are recoverable. The plaintiffs incurred the $100.00 filing fee cost when first filing this case in the state courts. The fact that defendant DeFazio later removed the case to this Court does not render this taxation item a nullity. The item is recoverable.

## *EXHIBITS AND PHOTOCOPIES*

Plaintiffs seek taxation of costs in the amount of $161.15 for "documents used in court."

Prior to the mid-1980's, the Clerk of this Court historically viewed copy work as general office overhead and disallowed the recovery of said item under 28 U.S.C. § 1920. *Advance Business Systems & Supply Co. v. SCM Corporation* 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970). However, holdings of this Court have caused the Clerk to reconsider this position. In the case of *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *c.f. Sun Publishing Company, Inc. v.*

*Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See also Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319. The Clerk has reviewed the aforementioned copy request and shall disallow said item in its entirety. The plaintiffs do not identify these materials except to provide a Disbursement sheet which lists "LAO Postage" and "LAO Photocopies." It is not clear whether any of these materials were used as court exhibits or were furnished to the court or opposing counsel pursuant to procedural rules. Consequently, the undersigned cannot discern whether the copy work costs is recoverable under *Stratton*. I must deny this particular taxation request.

## *EXPERT FEES*

The plaintiffs request reimbursement of expert fees for the following:

1. Scott Mills, Accident Reconstructionist (retainer). .$ 750.00.
2. Scott Mills, payment for photographs and accident reconstruction, research and affidavit. . . . . . . . . . 2,362.40
3. Jerome Staller, PhD for report. . . . . . . . . . . . . . 1,500.00

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987), the Supreme Court ruled that the fees paid to expert witnesses for their professional services are not allowable as costs. This item is disallowed.

## *WITNESS FEES*

Michael and Joan McKitis seek the taxation of deposition fees paid to various experts. They are as follows:

1. Deposition fee for Gregory Manning, defendant's accident reconstructionist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 437.50
2. Deposition fee for Edward Cohen, M.D., defendant's orthopedic expert. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 500.00
3. Deposition fee for Howard Moses, M.D., defendant's neurologist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 500.00

|   |   |   |
|---|---|---|
| 4. | Deposition fee for Daniel Freedenburg, M.D., defendant's Pyschiatrist. | 1,125.00 |
| 5. | Deposition fee for Alyssa LeBel, M.D., neurologist and pain specialist. | 2,500.00 |
| 6. | Video deposition fee for Guy Trengove-Jones, M.D. | 750.00 |
| 7. | Video Deposition fee for Cynthia Heldt, M.D. | 1,083.00 |

Statutory witness fees set out under 28 U.S.C. § 1821(b) may be taxed for attendance at a deposition when the deposition has been taxed as costs in the case. For reasons later set out in this Order, only the deposition costs of Edward Cohen, M.D., Alyssa LeBel, M.D., Guy Trengove-Jones, M.D., and Cynthia Heldt, M.D., are to be taxed. Therefore, although counsel has not submitted any billings in regard to these deposition fees, the plaintiffs shall be awarded the statutory witness fee of $40.00 as to each of these four deponents for a total award of $160.00.[1]

### *DEPOSITION TRANSCRIPTS*

The plaintiffs request the taxation of those costs associated with a number of *de bene esse* and transcribed depositions.

The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "(W)e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial. *Advance Business Systems & Supply Co.*, 287 F. Supp. 143, 165; *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830

---

[1] The documentation provided by plaintiffs' counsel is minimal. However, it appears that Dr. Cohen provided deposition testimony on two separate dates. Therefore, the plaintiffs shall be awarded $80.00 for Dr. Cohen's two days of testimony.

4

F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses.

In light of the limitations on my discretion to award costs as to this item, I shall allow for the taxation of $1,989.80 in fees associated with the depositions of:

1. Frank Defazio. . . . . . . . . . . . . . . . . . $104.50
2. Susan DeFazio. . . . . . . . . . . . . . . . . .  57.80
3. Edward Cohen, M.D. .(8/99). . . . . . . . 239.25
4. Guy Trengove-Jones, M.D. (Video). . 308.00
5. Alyssa LeBel, M.D. (Video) . . . . . . . 495.00
6. Cynthia Heldt, M.D. (Video) . . . . . . . 412.50
7. Edward Cohen, M.D. (11/23/00). . . . 245.25
8. Jerome Staller, M.D. . . . . . . . . . . . . . 127.50

The costs related to Joan McKitis, Elizabeth Bianchi, James D'Amore, Michael McKitis, and Cornelius Hicks' depositions must be disallowed because the invoices do not list a per page rate or, for that matter, the number of pages transcribed for each deposition. Without this information the undersigned Clerk cannot determine whether the taxation requests are reasonable. Likewise the court reporter fees for the depositions of Ethel Furness Encarnacion, Guy Trengove-Jones, M.D. (Halasz Reporting), Nelson Hendler, M.D. and Alyssa LeBel, M.D. are not recoverable because counsel has failed to submit any bills or invoices to establish that such costs involved reasonable charges. Further, no costs shall be awarded as to the Virginia Collier, Ellen Gay, PhD, Howard Moses, M.D., and Daniel Freedenburg, M.D. depositions because these deponents did not testify at

trial nor were their depositions placed into the trial record as evidence. Finally, inasmuch as the plaintiffs have been awarded costs as to the *de bene esse* transcript of Dr. Heldt, they shall not be awarded costs for her transcribed deposition. *See Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

***ATTORNEY FEES***

Plaintiffs seek reimbursement of $140.10 in travel expenses for air fare to Norfolk, Virginia to depose Dr. Trengove-Jones and $150.00 for travel costs to Philadelphia, Pennsylvania to attend the deposition of Dr. LeBel. However, attorney travel expenses incurred in attending depositions, conferences, and trial are not delineated as costs subject to taxation under 28 U.S.C. § 1920. Courts have historically rejected taxation of the cost of attorney travel expenses. *See Bee v. Greaves*, 669 F.Supp. 372, 379 (D.Utah 1987) (application of *Crawford Fitting* to eliminate all expenses in the taxation application which were not specifically covered by § 1920). *See also Gonzales v. Van's Chevrolet, Inc.*, 498 F.Supp. 1102, 1105 (D.Del. 1980); *Veccione v. Wohlgemuth*, 481 F.Supp. 776, 798 (E.D.Pa. 1979). Consequently, I have no authority to tax the costs of the aforementioned travel expenses.

In accordance with the foregoing opinion, costs are hereby awarded in favor of plaintiffs in the amount of $2,249.80. Counsel is free to seek review of this item under Fed. R. Civ. P. 54(d)(1). A copy of this Order shall be mailed to counsel.

DATED this 30 day of January, 2001.

/s/ Felicia Cannon
Felicia Cannon
Clerk
United States District Court for the
District of Maryland

6